# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL SESSION 2000

## STATE OF TENNESSEE v. WILLIE L. DOUGLAS

**Appeal from the Criminal Court for Shelby County**
**No. 96-08235     W. Fred Axley, Judge**

---

### No. W1999-00282-CCA-R3-CD - Decided May 16, 2000

---

The Defendant was convicted of aggravated robbery in Shelby County Criminal Court and he appeals. He challenges only the sufficiency of the evidence. We affirm in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals, holding that the evidence is sufficient to support the Defendant's conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

Bill Anderson, Memphis, Tennessee, for the appellant, Willie L. Douglas.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, William L. Gibbons, District Attorney General, and Julie Mosley, Assistant District Attorney General, for the appellee, State of Tennessee.

### ORDER

A Shelby County jury convicted the Defendant, Willie L. Douglas, of aggravated robbery. He was sentenced as a Range I standard offender to twelve years incarceration. The Defendant now appeals, challenging the sufficiency of the evidence. We affirm pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

The proof at trial revealed that on January 23, 1996, Lena Townsend was sitting in her car at the drive-up window of a Dixie Queen restaurant in Memphis when a man in a ski mask put a gun to her head and ordered her out of her vehicle. He fired the gun, snatched her purse, and took her vehicle, leaving her standing barefoot in the rain. The assailant then sped away.

Both Townsend and another witness to the crime identified the Defendant as the assailant. Townsend stated that although the assailant was wearing a mask, she could see that he was of the same complexion as the Defendant, and she identified the height of the assailant as about the same as the Defendant. The other witness to the crime stated that she saw the assailant's face after he removed his mask, and she stated that he looked like the Defendant. He also maintained that the assailant was of the same height as the Defendant.

On the day following the crime, officers in Sledge, Mississippi received a report of a car driving recklessly through town. Upon investigation, they discovered that the car was parked at the Defendant's home. Officers approached the Defendant to discuss the complaints, and the Defendant and his friends jumped into the vehicle, with the Defendant in the driver's seat, and led the officers on a high-speed chase, at speeds up to 115 miles per hour. The Defendant and his friends eventually jumped out of the car, and the officers took them into custody. The officers then ran a check on the car and discovered that it belonged to Townsend and that it had been stolen the previous day in Memphis.

The Defendant denies that he committed this crime and argues that the lapse of time between the crime and the trial could have affected the witnesses' identification of him as the assailant. However, there is clearly sufficient evidence to support the jury's finding that he was indeed the perpetrator of this crime. Not only did two witnesses identify him as the assailant, but the stolen vehicle was found the following day at his home. In addition, when approached by officers who intended to confront him about reckless driving complaints, the Defendant jumped into the stolen car and led officers on a high-speed chase, stopping only when the stolen car's engine ceased to run.

After hearing this proof, the jury found the Defendant guilty of aggravated robbery. Because the evidence is legally sufficient to support this finding, we will not overturn the jury's finding on appeal. This issue has no merit.

Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee. Because it appears to the Court that the Appellant is indigent, costs will be paid by the State of Tennessee.

David H. Welles, Judge
David G. Hayes, Judge
Alan E. Glenn, Judge

-2-